UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LINDA DIXON, | : |
|    Plaintiff | : |
| | : |
| V. | :    3-00-CV-2477 (EBB) |
| | : |
| CARDIOLOGY ASSOCIATES OF | : |
| FAIRFIELD COUNTY, P.C., and | : |
| MARTIN KRAUTHAMER, M.D., | : |
|    Defendants | :    JANUARY   , 2004 |

**JOINT MOTION FOR**
**STIPULATION OF DISMISSAL WITHOUT PREJUDICE**

Pursuant to Federal Rules of Civil Procedure Rule 41(a)(1)(ii) the parties hereby move the Court for an Order of stipulation of dismissal without prejudice. In support hereof, the parties have agreed to submit the instant matter to Alternative Dispute Resolution by way of binding arbitration in accordance with the attached executed agreement.

**WHEREFORE**, the parties move the Court to enter an order by way of stipulation of dismissal without prejudice of the instant matter.

| THE PLAINTIFF, | THE DEFENDANTS, |
|---|---|
| BY _/s/_ | BY _/s/_ |
| R.J. Weber, III | Howard K. Levine |
| **Cella, Flanagan & Weber, P.C.** | **Carmody & Torrance, LLP.** |
| 21 Washington Ave., Ste A | 195 Church Street, 18th Flr., P.O.B 1950 |
| North Haven, CT 06473 | New Haven, CT 06509 |
| Tel: (203)-239-5851 | Tel: (203)-777-5501 |
| Federal Juris No. CT 19311 | Federal Juris No. CT 10555 |
| DATE: 1/22/04 | DATE: 1/26/04 |

## CERTIFICATION

This is to certify that a copy of the foregoing Joint Motion for Stipulation of Dismissal Without Prejudice has been mailed, postage prepaid, on this 26th day of January, 2004 to:

R. J. Weber, III, Esq.
Cella, Flanagan & Weber, P.C.
21 Washington Avenue, Suite A
North Haven, CT 06473

_____
Howard K. Levine
(Federal Bar No. ct10555)
Carmody & Torrance LLP
195 Church Street
PO Box 1950
New Haven, CT 06509-1950
T: 203-777-5501
F: 203-784-3199

## REVISED AGREEMENT TO ARBITRATE

This Agreement to Arbitrate (hereinafter "Agreement") is made and entered into by and between **LINDA DIXON** (hereinafter "Plaintiff") and **CARDIOLOGY ASSOCIATES OF FAIRFIELD COUNTY, P.C. and MARTIN KRAUTHAMER, M.D.** (hereinafter "Defendants") on this the 9th day of ~~December, 2003.~~ January, 2004

*WHEREAS*, the Plaintiff has filed a lawsuit against the Defendants in the United States District Court for the District of Connecticut, in Case No. 3:00cv2477(WWE), asserting claims of, among others, violations of Title VII, Conn.Gen.Stat § 46a-60(a)(4) and (8), and negligent supervision;

*WHEREAS*, the Plaintiff and Defendants desire to have all their claims and differences arising up to the date of this agreement, including but not limited to any claims relating to Plaintiff's employment or termination from employment, those claims embodied in the aforementioned lawsuit and claims asserted in any administrative proceeding initiated by Plaintiff (hereinafter collectively referred to as the "Dispute"), fully and finally resolved through binding arbitration in accordance with the Employment Dispute Arbitration Procedure set forth below and not through the courts;

*NOW, THEREFORE*, in consideration of the premises and mutual promises herein contained, the Plaintiff and Defendants agree as follows:

**Employment Dispute Arbitration Procedure**
**ARTICLE ONE: Exclusivity and Exhaustion of this Employment Dispute Arbitration Procedure**

1.1. The parties agree that the Dispute shall be presented for resolution pursuant to this Employment Dispute Arbitration Procedure, and that this Employment Dispute Arbitration Procedure is and shall be the sole and exclusive remedy for resolution of said Dispute.

1.2. Resolution of the Dispute pursuant to the Employment Dispute Arbitration Procedure shall be final and binding on the Parties to the fullest extent permitted by law.

{N0706727;2}

## ARTICLE TWO: Waiver and Binding Effect

2.1. The Plaintiff and the Defendant expressly waive any right to resolve their Dispute through any other means, including, without limitation, by filing or proceeding with a lawsuit in court for trial by the court or before a jury. The Parties shall be precluded from bringing or raising in court or before another forum any claims which were or which could have been brought or raised pursuant to this Employment Dispute Arbitration Procedure.

2.2. Prior to receiving an Award of the Arbitrator, neither Party shall seek to enjoin any proceeding pursuant to the Employment Dispute Arbitration Procedure on the basis that the Award would not be enforceable.

## ARTICLE THREE: The Arbitrator

3.1 The Dispute will be decided by a single decision-maker, called the "Arbitrator." The parties agree that Attorney Joseph Garrison will serve as Arbitrator.

3.2 In the event Attorney Garrison cannot serve as Arbitrator, the parties agree to confer in good faith and use their best efforts to agree upon another arbitrator expeditiously.

3.3 The Arbitrator shall be independent and impartial. The Arbitrator shall promptly disclose in writing to the Parties and the selected organization any circumstances that might cause doubt regarding the Arbitrator's independence or impartiality. The Arbitrator may be challenged for cause if circumstances exist or arise that give rise to justifiable doubt regarding the Arbitrator's independence or impartiality. The fact that the Arbitrator's practice consists predominantly of representing employers or employees shall be disclosed in the statement of professional background but shall not be a basis for a cause challenge, unless the Arbitrator feels that this might impede a fair hearing. When an Arbitrator has been challenged for cause by a Party, the other Party may agree to the challenge or the Arbitrator may voluntarily withdraw. If neither agreed disqualification nor voluntary withdrawal occurs, the challenge shall be decided by the selected organization and the selected organization's decision shall be final and binding on the parties.

3.4 Unless the parties agree otherwise, all Disputes between the Plaintiff and the Defendant shall be submitted in the same proceeding to the Arbitrator.

3.5 The Arbitrator shall not be liable to either Party for any act or omission in

connection with the proceeding. Neither Party shall sue, join, subpoena or in any manner otherwise involve in any action or proceeding the selected organization, anyone affiliated with the selected organization or the Arbitrator, unless the right to so involve any of them is expressly preserved by law.

**ARTICLE FOUR: Pre-Hearing Discovery**

4.1.   The Parties agree that all discovery in this matter has been concluded.

**ARTICLE FIVE: Subpoenas**

5.1.   Counsel may issue subpoenas of witnesses or documents for the hearing to the extent permitted by applicable law. A party not represented by counsel may request that the Arbitrator issue a subpoena on his or her behalf. The parties will make good faith efforts to avoid the need for a subpoena for the testimony by communicating requests for testimony.

5.2.   The Arbitrator is empowered to subpoena witnesses or documents for the hearing to the extent permitted by applicable law, upon his or her own initiative or the request of a Party.

5.3.   Unless the Arbitrator directs otherwise, pursuant to Article Twelve, the Party requesting by subpoena the production of any witness or documents shall bear the costs of such production.

**ARTICLE SIX: Venue and Place of Hearing**

6.1.   The venue of any Dispute shall be as agreed to by the parties and the arbitrator.

6.2.   Unless the Parties otherwise agree or the Arbitrator otherwise directs for good reason, any hearing shall be conducted and deemed held in that county of venue, at a place convenient to the Parties as so designated by the Arbitrator.

**ARTICLE SEVEN: Order of Hearings**

7.1   The Parties shall submit jointly to the Arbitrator their "Submission of Issues to Be Decided By the Arbitrator," in the form attached hereto as Exhibit A and incorporated herein by reference. The sole issue to be decided by the Arbitrator is as follows:

   Was Linda Dixon's employment with Cardiology Associates of

Fairfield County, P.C. terminated in retaliation for complaining about alleged acts of sexual harassment by Christopher Willey?

Upon receipt of this submission, the Arbitrator may convene an initial conference of the Parties at which preliminary procedural issues will be discussed and a schedule will be set. The initial conference may be convened in person or by telephone, at the Arbitrator's discretion.

7.2. The Parties agree that the "Submission of Issues to be Decided by the Arbitrator" in the form attached hereto as Exhibit A constitutes the only issue(s) in dispute between the Parties and upon which relief can be granted, and all other issues and claims are hereafter forever waived.

7.3. Hearings for a particular Dispute under this Procedure shall be scheduled on consecutive business days in a week, to the extent reasonably practicable. To the extent that additional days are needed, the hearing shall recommence on Monday of the week following the initial week of hearing.

**ARTICLE EIGHT: Order of Presentation of Evidence**

8.1. Plaintiff shall present her case in chief first, followed by Defendants' presentation of their case. The Arbitrator shall determine whether opening statements and/or closing statements will be permitted and the length of time allowed for each.

8.2 The Parties reserve the right to present rebuttal witnesses.

8.3 At the conclusion of the hearing or during the hearing if the need arises, either Party shall have the right to brief the legal and factual issues before the Arbitrator for decision, or the Arbitrator may require such briefing, in his discretion.

**ARTICLE NINE: Applicable Law and Burden of Persuasion**

9.1. The principles of applicable common, decisional and statutory law shall control the disposition of each Dispute.

9.2. Each Party bears the burden of persuasion on any claim or counterclaim raised by that Party in accordance with the principles of applicable common, decisional and statutory law.

**ARTICLE TEN: Evidence and Argument**

10.1. The Arbitrator shall afford each Party a full and fair opportunity to present any proof relevant and material to the Dispute, to call and cross-examine witnesses and to present its argument, subject to limitations of paragraph 14.1.

10.2. The Arbitrator shall not be bound to strictly follow the Federal or Connecticut (if more familiar with them) Rules of Evidence, but shall be guided by those Rules on issues relating to admissibility of evidence, and will adhere to applicable law with respect to attorney client privilege, attorney work product, and compromise and offers to compromise.

10.3. The Arbitrator shall be the sole judge of the relevancy, materiality and admissibility of the evidence offered, and the Arbitrator's decision on any question of evidence or argument shall be final and binding.

10.4  All testimony shall be under oath or affirmation.

10.5  The Parties agree that witnesses to be presented by the Parties are limited to those listed in "Witnesses to be Presented," which is attached hereto as Exhibit B.

### ARTICLE ELEVEN: Confidentiality

11.1. All aspects of the arbitration, including without limitation, the record of the proceeding as defined in paragraph 13.3, the Award, and any document(s) produced during discovery, are confidential and shall not be open to the public or used for any purpose other than the instant arbitration proceeding, except (a) to the extent both Parties agree otherwise in writing, or (b) as may be appropriate in response to a governmental agency or legal process; provided that the Party upon whom such process is served shall give immediate notice of such process to the other Party and afford the other Party an appropriate opportunity to object to such process.

11.2. At the request of a Party or upon his or her initiative, the Arbitrator shall issue protective orders appropriate to the circumstances and shall enforce the confidentiality of the arbitration as set forth in this article.

### ARTICLE TWELVE: Expenses

12.1. The Parties shall each bear an equal share of the expenses of the arbitration.

12.2. The "expenses of the arbitration," to which this Article Twelve refers, shall mean

the expenses of the Arbitrator (such as fee and travel) and the selected organization's fee for its services in the Arbitrator selection process (if required), and shall exclude the Parties' respective attorneys' fees and disbursements, expenses of witnesses and costs of producing other evidence.

12.3. The Arbitrator's rate of compensation shall be determined at the time of appointment and shall apply to all time spent in connection with the proceeding.

## ARTICLE THIRTEEN: Record of Proceeding

13.1. A record of the hearing may be made by audio or video taping or by verbatim transcription, paid for equally by the Parties; provided that any such record made jointly by the Parties shall be made available to both Parties and to the Arbitrator. If either Party declines to have a record made, the other may have it made at his own expense.

13.2. The Arbitrator shall be responsible, in cooperation with the Parties, for assembling the record of the proceeding and shall maintain possession of that record for at least one (1) year after issuing the Award, unless the Parties, with the Arbitrator's consent, agree otherwise. Thereafter, either Party may request a copy of the record from the Arbitrator, and shall bear any costs associated with obtaining said copy.

13.3. The record of the proceeding shall include, at a minimum, the following: (a) this Employment Dispute Arbitration Procedure, along with evidence of Plaintiff's receipt of same; (b) evidence introduced in the proceeding and depositions taken in connection with the proceeding; (c) the transcript of the hearing, if any; and (d) the Arbitrator's Award.

## ARTICLE FOURTEEN: Damages and Relief

14.1. The Arbitrator shall have the authority to decide at any stage in the arbitration (including prior to the commencement of hearing), at a party's request or on his/her own initiative, to dismiss or enter a summary award on a claim or counterclaim, in whole or in part in accordance with the principles of applicable common, decisional and statutory law. Such motions will be governed by the Federal Rules of Civil Procedure.

14.2. Upon a finding that a Party has sustained his or her burden of persuasion, the Arbitrator shall have the same power and authority as would a judge in a non-jury court trial to grant any and all relief that a court could grant, as may be in conformance with applicable principles of common, decisional and statutory law in the relevant jurisdiction.

14.3. The Award of any damages or relief provided for in Articles Fourteen and Fifteen

is left to the discretion of the Arbitrator in accordance with the principles of applicable common, decisional and statutory law and may be made in a bifurcated proceeding.

**ARTICLE FIFTEEN: Sanctions**

15.1. The Arbitrator may award either Party its reasonable attorneys' fees and costs, including reasonable expenses associated with production of witnesses or proof, upon a finding that the claim or counterclaim was frivolous or brought in bad faith to harass the Plaintiff, the Defendant or the Defendant's personnel. Such award may be made either against a Party or its counsel.

15.2. The Arbitrator may award either Party its reasonable attorneys' fees and costs, including reasonable expenses associated with production of witnesses or proof, upon a finding that the other Party: (a) engaged in unreasonable delay; (b) failed to cooperate in discovery, including but not limited to, failing to timely respond to written discovery requests or obstructing the taking of depositions by the other Party or otherwise objecting in bad faith; or (c) failed to comply with requirements of confidentiality. Such award may be made either against a Party or its counsel.

15.3 Any award made under this Article shall be treated as an Award under Article Sixteen and shall be enforceable against a Party or its counsel in the same manner and to the same extent as other Awards described therein.

**ARTICLE SIXTEEN: The Award**

16.1. The Arbitrator shall render his or her decision and award (collectively the "Award") based solely on the evidence presented, the applicable law, the provisions of the Employment Dispute Arbitration Procedure as interpreted by the Arbitrator, and the scope of the matter submitted for decision by the Parties pursuant to the Submission of Issues to Be Decided by the Arbitrator.

16.2. The Arbitrator will be directed to issue his or her Award within thirty (30) days after the date set for the final submissions of the Parties. The Award shall be in writing and signed and dated by the Arbitrator, and shall contain: (a) the decision on the underlying claims; (b) the specifics relating to any grant of monetary damages or relief; and (c) the rationale for the Arbitrator's decision, including findings of fact and conclusions of law. The Arbitrator shall give signed duplicate original copies of the Award to both Parties.

16.3. The Award may be entered as a judgment in the U.S. District Court for the

District of Connecticut or in any court of competent jurisdiction. Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"), at any time within one year after the award is made any Party to the arbitration may apply to said court for an order confirming the award, and thereupon the court must grant such order unless the award is vacated, modified or corrected as prescribed in Sections 10 and 11 of the FAA. Notice of the application shall be served upon the adverse Party, and thereupon the court shall have jurisdiction of such Party as though he had appeared generally in the proceeding. If the adverse Party is a resident of the district within which the award was made, such service shall be made upon the adverse Party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse Party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse Party may be found in like manner as other process of the court.

16.4. Unless applicable law provides otherwise, the Award shall be final and binding and not subject to review or appeal.

16.5. The Parties Agree that should the Award constitute an amount less than Seventy Thousand and no/100 Dollars ($70,000.00), the amount of the Award shall be Seventy Thousand and no/100 Dollars ($70,000.00).

16.6. The Parties agree that should the Award constitute an amount greater than Three Hundred Thirty Thousand and no/100 Dollars ($330,000.00), the amount of the Award shall be Three Hundred Thirty Thousand and no/100 Dollars ($330,000.00).

16.7 If the amount of the Award is equal to or less than One Hundred Twenty Five Thousand and no/100 Dollars ($125,000.00), Defendants shall make payment of the full amount of the Award within thirty (30) days of the date of the Award.

16.8 If the amount of the Award is greater than One Hundred Twenty Five Thousand and no/100 Dollars ($125,000.00), Defendants shall make payment of One Hundred Twenty Five Thousand and no/100 Dollars ($125,000.00) within thirty (30) days of the date of the Award. The remainder of the Award shall be made in three (3) equal installments commencing thirty (30) days after the payment of the initial payment of One Hundred Twenty Five Thousand and no/100 Dollars ($125,000.00) with each subsequent installment payable thirty (30) days thereafter. The Award may not be entered as a Judgment pursuant to paragraph 16.3 so long as Defendants are in compliance with this paragraph 16.8.

16.9 The Arbitrator shall not be made aware of the provisions of Section 16 of the

Agreement, nor shall either of the Parties disclose such provisions to the Arbitrator.

**ARTICLE SEVENTEEN: Arbitration Statute**

17.1.    Any proceeding pursuant to this Employment Dispute Arbitration Procedure is deemed to be an arbitration proceeding subject to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to the exclusion of any state law inconsistent therewith; or, if the FAA is not applicable, to the law of the state of venue.

17.2.    The Arbitrator shall have all powers generally granted to arbitrators, except as modified by or otherwise expressly provided in this Employment Dispute Arbitration Procedure. The Arbitrator's Award shall be enforceable as would an arbitrator's award pursuant to the applicable statute.

17.3.    If any part of this Employment Dispute Arbitration Procedure is in conflict with any mandatory requirement of applicable law, the statute shall govern, and that part shall be reformed and construed to the maximum extent possible in conformance with the applicable law. The Employment Dispute Arbitration Procedure shall remain otherwise unaffected and enforceable.

**ARTICLE EIGHTEEN: Court and Administrative Proceedings**

18.1.    Subject to Article One, the Parties agree not to commence or pursue any litigation or administrative proceeding on any Dispute, claim or issue subject to the Employment Dispute Arbitration Procedure and will promptly move to discontinue any such proceeding if commenced.

**ARTICLE NINETEEN: Revision of Employment Dispute Arbitration Procedure**

19.1.    The Parties to a Dispute for which the Employment Dispute Arbitration Procedure has been initiated may agree in writing to vary the Employment Dispute Arbitration Procedure at any time before the Arbitrator gives copies of the Award to both Parties.

**ARTICLE TWENTY: Effectuation of Purpose**

20.1.    The Employment Dispute Arbitration Procedure shall be broadly interpreted and applied so as to effectuate its purpose and spirit.

Signed by: _____    _____

{N0706727;2}                                9

Agreement, nor shall either of the Parties disclose such provisions to the Arbitrator.

## ARTICLE SEVENTEEN: Arbitration Statute

17.1. Any proceeding pursuant to this Employment Dispute Arbitration Procedure is deemed to be an arbitration proceeding subject to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, to the exclusion of any state law inconsistent therewith; or, if the FAA is not applicable, to the law of the state of venue.

17.2. The Arbitrator shall have all powers generally granted to arbitrators, except as modified by or otherwise expressly provided in this Employment Dispute Arbitration Procedure. The Arbitrator's Award shall be enforceable as would an arbitrator's award pursuant to the applicable statute.

17.3. If any part of this Employment Dispute Arbitration Procedure is in conflict with any mandatory requirement of applicable law, the statute shall govern, and that part shall be reformed and construed to the maximum extent possible in conformance with the applicable law. The Employment Dispute Arbitration Procedure shall remain otherwise unaffected and enforceable.

## ARTICLE EIGHTEEN: Court and Administrative Proceedings

18.1. Subject to Article One, the Parties agree not to commence or pursue any litigation or administrative proceeding on any Dispute, claim or issue subject to the Employment Dispute Arbitration Procedure and will promptly move to discontinue any such proceeding if commenced.

## ARTICLE NINETEEN: Revision of Employment Dispute Arbitration Procedure

19.1. The Parties to a Dispute for which the Employment Dispute Arbitration Procedure has been initiated may agree in writing to vary the Employment Dispute Arbitration Procedure at any time before the Arbitrator gives copies of the Award to both Parties.

## ARTICLE TWENTY: Effectuation of Purpose

20.1. The Employment Dispute Arbitration Procedure shall be broadly interpreted and applied so as to effectuate its purpose and spirit.

Signed by: *Linda K. Dixon*    1/9/2004
Linda K. Dixon    JAN. 9, 2004

{N0706727;2}    9

Signed by: _____   _____
           Plaintiff                    Date

Signed by: ___/s/_____       1/9/04
           Plaintiff's Counsel          Date

Signed by: _____   _____
           Martin Krauthamer, M.D.,      Date
           Defendant

Signed by: _____   _____
           Cardiology Associates of      Date
           Fairfield County, P.C. by Martin
           Krauthamer, M.D., Its President,
           Defendant

Signed by: _____   _____
           Defendants' Counsel           Date

{N0706727;2}                    10

```
                    Plaintiff                                           Date


Signed by: _____          _____
              Plaintiff's Counsel                              Date


Signed by: _[signature]_____           __1/1/04_____
              Martin Krauthamer, M.D.,                         Date
              Defendant


Signed by: _[signature]_____           __1/1/04_____
              Cardiology Associates of                         Date
              Fairfield County, P.C. by Martin
              Krauthamer, M.D., Its President,
              Defendant


Signed by: _[signature]_____           __1/15/04_____
              Defendants' Counsel                              Date
```